FILED
COURT

2012 OCT 19 PM 2:37

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF168-11 |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Defendant's Motion to Dismiss Second |
| | ) and Third Charges of Indictment) |
| | ) |
| CLAYTON NOEL MANTANONA | ) |
| DOB: 02/11/1993 | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 15, 2012, for a hearing on Clayton Noel Mantanona's ("Defendant") Motion to Dismiss Second and Third Charges of the Indictment. Assistant Alternate Public Defender Jeffrey L. Warfield, Sr. appeared on behalf of the Defendant. Assistant Attorney General Brian D. Gallagher appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the Court hereby issues this Decision and Order DENYING Defendant's Motion.

## BACKGROUND

Defendant was indicted on April 7, 2011, charged with the following: (1) First Degree Criminal Sexual Conduct (As a 1st Degree Felony) (2) Kidnapping (As a 2nd Degree Felony) (2 counts) and (3) Felonious Restraint (As a 3rd Degree Felony). Indictment (Apr. 7, 2011). On

April 13, 2011, Defendant pled not guilty and waived his right to a speedy trial. Super. Ct. of Guam Minute Entry Log No. 14903 (Apr. 13, 2011) and Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case (Apr. 14, 2011). On March 5, 2012, Defendant filed a Motion to Dismiss the Second and Third Charges of the Indictment. Subsequently, an Ex Parte Motion to Withdraw was filed by Public Defender Services Corporation on March 21, 2012. As a result, jury selection initially set for April 9, 2012, was vacated. Alternate Public Defender now represents the Defendant.

Criminal Trial Settings were set on May 7, 2012, June 4, 2012, and July 9, 2012. At the July 9, 2012, Criminal Trial Setting, it was represented to the Court that the motion to dismiss filed by previous defense counsel would be adopted. Accordingly, the Court set the motion hearing for August 15, 2012 at 9:30 a.m.

## DISCUSSION

### I. Second Charge in Indictment

Defendant moves the Court to dismiss the second and third charges in the Indictment. He argues that the "second charge of kidnapping must be dismissed because alleged victim was not carried a 'substantial distance from the vicinity where she was found' within the meaning of the kidnapping statute." Def's Memo of Points & Authorities in Support of Mot. to Dismiss Second & Third Charges of the Indictment at 2 (Mar. 5, 2012).[1] The People oppose Defendant's motion arguing that Defendant "has misrepresented New Jersey law to the [C]ourt." People's Brief in Opposition to Def's Mot. to Dismiss at 2 (Apr. 2, 2012). Further, the People contend that the New Jersey statute defines kidnapping in part by using the words "unlawfully removing a person from where he/she is found." Id.

---

[1] The Court notes for consistency that Defendant's Memorandum of Points and Authorities references another Defendant in its footnote on P. 4.

The second charge of the Indictment allege as follows:

## SECOND CHARGE

On or about March 29, 2011, in Guam, **CLAYTON NOEL MANTANONA** did commit the offense of *Kidnapping,* in that he intentionally and unlawfully removed another, namely *C.M.A. (DOB: 06/24/1994)*, a substantial distance from the vicinity where she was found, to facilitate the commission of a felony, that is *First Degree Criminal Sexual Conduct,* in violation of 9 GCA § 22.20(a)(2) and (b), as amended.

Guam law defines kidnapping as follows:

(a) A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business, **or a substantial distance from the vicinity where he is found**; or if he unlawfully confines another for a substantial period, with any of the following purposes:
(1) to hold for ransom or reward;
(2) to facilitate commission of any felony or flight thereafter;
(3) to inflict bodily injury on or to terrorize the victim or another; or
(4) to interfere with the performance of any governmental or political function.

9 GCA § 22.20 (a) (2005) (emphasis added).

Guam law further provides that removal or confinement is unlawful if it is accomplished by force, threat or deception. See 9 GCA § 22.20(c) (2005).

Defendant and the People agree that since Guam's kidnapping statutes were adopted from New Jersey, that state's law controls. Defendant primarily cites to *State v. Masino*, 466 A.2d 955 (N.J. 1983), a case decided by the Supreme Court of New Jersey. In *Masino,* the Supreme Court of New Jersey held that one is transported a "substantial distance" for purposes of kidnapping statute if that asportation is criminally significant in sense of being more than merely incidental to the underlying crime, and the jury could have properly determined that defendant removed victim a substantial distance, so that he was properly convicted of kidnapping. In adopting the kidnapping statute, *Masino* points out that the New Jersey

Legislature intended to exclude from kidnapping incidental movement of victim during commission of crime which does not substantially increase risk of harm to victim.

Defendant argues that "[t]he evidence clearly does not meet the substantial distance component." He contends that First Degree Criminal Sexual Conduct already contains an element of force and coercion and thus the carrying of the alleged victim from the front door to the bedroom which involves force and used to prove "substantial distance" under the kidnapping statute is only incidental to the underlying crime of First Degree Criminal Sexual Conduct." Def's Memo of Points & Authorities in Support of Mot. to Dismiss Second & Third Charges of the Indictment at 3 (Mar. 5, 2012). In addition, Defendant argues that there was no removal from the vicinity of the home as the alleged victim only moved from one room of the house to another room of the house. Id.

Masino cites to the Model Penal Code recalling that the removal of the victim from the protection of his friends and his sovereign was kidnapping's prime danger. Masino, 466 A.2d 955, 957 (N.J. 1983). Further, the Model Penal Code as cited in Masino, suggested that "experience had demonstrated that 'distance and isolation could be achieved within the realm, and that even distance was not essential to isolating a victim from the law and his friends.'" Id. The requirement of asportation in the context of a prosecution of kidnapping is satisfied if there is movement of the victim, however slight. Griffin v. State, 282 Ga. 647 (2007). In the instant case, it is alleged that the victim "ran from [Defendant] towards the front door." Magistrate's Complaint at Declaration (Mar. 30, 2012). The element of the charge was that [Defendant] had allegedly carried the alleged victim from the front door of the home to the bedroom where the sexual act occurred." Def's Memo of Points & Authorities in Support of Mot. to Dismiss Second & Third Charges of the Indictment at 2 (Mar. 5, 2012). "Once in the room, [victim]

attempted to flee again. [Defendant] stopped her, shut the door, and locked it." Magistrate's Complaint at Declaration (Mar. 30, 2012). The Supreme Court of California "repeatedly stated no minimum distance is required to satisfy asportation requirement and actual distance must be considered in context, including the nature of the crime and its environment." *People v. Robertson*, 208 Cal. App. 4th 965, 986 (2012).

In effect, after considering New Jersey law and California's interpretation of "substantial distance," the Court agrees with the People that these are matters to be determined by a jury. There is sufficient evidence to establish the enhanced risk of harm resulting from asportation and isolation of the victim. Likewise, because Guam's kidnapping statute further provides for such removal or confinement to be unlawful if accomplished by force, the Court is convinced that the elements of the alleged offense of kidnapping was criminally significant in sense of being more than merely incidental to the underlying crime of First Degree Criminal Sexual Conduct. The unlawful removal by force after the Victim attempted to flee is enough to satisfy the requisite elements of kidnapping as charged in the Indictment.

For these reasons, the Court DENIES Defendant's Motion to Dismiss the Second Charge of the Indictment.

## II. Third Charge of Indictment

Defendant also moves to dismiss the third charge in the Indictment. Defendant argues that the "third charge of felonious restraint must be dismissed because there was no evidence before the grand jury of serious bodily injury." Def's Memo of Points & Authorities in Support of Mot. to Dismiss Second & Third Charges of the Indictment at 4 (Mar. 5, 2012). Defendant specifically contends that "[t]here is no evidence of exposure of risks of serious bodily injury as that term is defined in 9 GCA § 16.10 (c)." *Id.* The People oppose dismissal of the third charge

arguing that "the victim surely suffered, and she was injured. Whether this rises to the level of serious bodily injury is a question of fact, not of law." People's Brief in Opposition to Def's Mot. to Dismiss at 2 (Apr. 2, 2012). Defendant refutes that the issue relative to felonious is not an issue for the jury. Transcript JDAASCRA at 10:12:39 (Aug. 15, 2012). He further contends that "at this point there are no facts that meet the lawful definition of serious bodily injury." Id. at 10:12:46.

The third charge of the Indictment allege as follows:

THIRD CHARGE

On or about March 29, 2011, in Guam, **CLAYTON NOEL MANTANONA** did commit the offense of *Felonious Restraint,* in that he did knowingly restrain another, that is *C.M.A. (DOB: 06/24/1994)*, unlawfully in circumstances exposing *C.M.A. (DOB: 06/24/1994)* to risk of serious bodily injury, in violation of 9 GCA §§ 22.30(a) and 80.30.

Guam law defines felonious restraint as follows:

A person commits a felony of the third degree if he knowingly:
(a) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or
(b) holds another in a condition of involuntary servitude.

9 GCA § 22.30 (2005).

The People argue that "whether the victim was exposed to a risk of serious bodily injury, and whether the psychological trauma she suffered as a result of being sexually assaulted amounts to a bodily injury." People's Brief in Opposition to Def's Mot. to Dismiss at 2 (Apr. 2, 2012). "[T]he terms bodily injury and serious bodily injury have the meanings provided by § 16.10." 9 GCA § 22.10 (2005).

(c) *Serious Bodily Injury* means bodily injury which creates: serious permanent disfigurement; a substantial risk or death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily member or organ;

9 GCA § 16.10 (c) (2005).

Notwithstanding the People's response centered on psychological trauma, severe or intense physical pain also qualify as a basis for the Victim's exposure to risk of serious bodily injury as defined by statute. Based on the third charge of the Indictment and the surrounding allegations therein, there is sufficient information to consider the circumstances of such serious bodily injury to sustain the charge of felonious restraint. Accordingly, the Court DENIES Defendant's Motion to Dismiss the Third Charge of the Indictment.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Second and Third Charges of Indictment.

This matter is set for Trial Setting on October 22, 2012 at 9:30 a.m.

**SO ORDERED** this __19__ day of OCTOBER, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

OCT 1 9 2012

_Enrique F. Aflague, Jr._
Deputy Clerk, Superior Court of Guam